## Chicago Coated Board Company, Appellant, v. Theodore Bear et al., Appellees.

## Gen. No. 15,847.

CORPORATIONS—*when directors personally liable.* If directors assume to exercise corporate powers of a *de facto* corporation before all of the stock named in the articles of incorporation has been subscribed in good faith, they are personally liable for the debts thereof.

Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed November 28, 1911.

McCABE & CLOYES, for appellant.

No appearance for appellees.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellant against the appellees, Theodore Bear, Julius N. Heldman and Max I. Heldman, for the value of certain goods delivered to a *de facto* corporation known as the Union Folding Box Company, it being alleged that the three appellees constituted the board of directors and assumed to exercise corporate powers or use the name of said corporation before all of the stock named in the articles of incorporation had been subscribed for in good faith, thus rendering themselves liable under section 18 of chapter 32 of the Revised Statutes.

The capital stock of the company was fixed at $5,000, divided into 50 shares of $100 each. Of these shares Morris M. Herriman subscribed for 48; Theodore Bear, 1 share; and Julius N. Heldman, 1 share.

The case was tried before the court and a jury, and at the close of the plaintiff's case an instruction was tendered by the appellees and given by the court directing the jury to find a verdict in favor of the appellees, who were the defendants below. Judgment was rendered upon this verdict, and from it this appeal is taken. No brief has been filed in this court by appellees.

The testimony introduced at the trial was that of Morris M. Herriman and the three appellees, Theodore Bear, Max I. Heldman and Julius N. Heldman. From this testimony it appears that Herriman was in business with one James W. Smalley in the manufacture

of paper boxes; that Julius N. Heldman was an attorney and that through him an arrangement was made whereby appellee Bear, who was a brother-in-law of Heldman, should buy the interest of Smalley in the business, and that Herriman, Bear and Heldman should thereafter organize a corporation to carry on the business theretofore conducted by Smalley & Co. Negotiations were had and Smalley agreed to sell his interest in the company for $1,375, $250 to be paid in cash and the balance to be secured by a second mortgage. It does not clearly appear by whom the $250 were paid, but the mortgage seems to have been made, and after the attempted organization of the company the business of Smalley & Co. was turned over to the Union Folding Box Company as such *de facto* corporation.

From Herriman's testimony it would appear that only 10 of the 48 shares of stock were issued to and kept by him as his own property. He testified that certificates for the remaining 38 shares were issued to him but were endorsed in blank by him and never taken out of the office; that all of his actions in the matter were pursuant to the directions of appellee Julius N. Heldman, who was acting as his attorney. The first three directors of the company were Bear, Julius N. Heldman and Herriman. Later on Herriman resigned as director, and appellee, Max I. Heldman, a brother of Julius N., was elected to take his place. It also appears quite clearly from Herriman's testimnoy that he was not financially able to pay for the other shares of stock subscribed for by him, and that it was the understanding of all of the parties that he was to have a half interest in the stock of the company, but that the balance of this half interest, that is to say 15 shares of stock, was to be paid for out of the profits of the business.

It was admitted on the trial that there was a balance due the Chicago Coated Board Company for supplies

and materials sold to the Union Folding Box Company from June 8th to July 1st, 1903, of $472.90. There was testimony tending to show that Bear, acting for the company and authorized in that respect by the other directors, namely, the appellees Max I. and Julius N. Heldman, ordered such goods and supplies.

It is unnecessary to refer in more detail to the testimony in the record. We are of the opinion that sufficient was shown to warrant the submission of the case to the jury upon the question as to whether or not the appellees assumed to exercise corporate powers of the *de facto* corporation, the Union Folding Box Company, before all the stock named in the articles of incorporation had been subscribed for in good faith. In other words, we think the charge of the court directing a verdict in favor of the appellees was erroneous. Geo. M. Clark & Co. v. Kent, 80 Ill. App. 128; Lovering v. McLaughlin, 161 Ill. 417; Gunderson v. Illinois Trust & Savings Bank, 199 Ill. 422; Jersey City Gas Co. v. Dwight et al., 29 N. J. Eq. 242.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*